SCRIBNER *v.* JACOBS.

*(Supreme Court, General Term, First Department.* May 9, 1890.)

1. DAMAGES—BREACH OF CONTRACT.
   Where a contract to furnish materials for the completion of a building specifies no time for their delivery, and the contractors fail to deliver them within a reasonable time, the measure of damages is the reasonable rental value of the building during the time its completion was delayed, and not the rent received for the building several months after its completion.

2. SET-OFF AND COUNTER-CLAIM—FAILURE TO DELIVER GOODS SOLD.
   In an action for the value of the articles actually furnished by the contractors, where defendant counter-claims for articles purchased by him and called for by the contract, defendant is entitled for such articles to no more than the difference between their contract price and the amount he was required to pay for them, unless at the same time the contractors are credited with the full contract price of the articles.

3. SAME—EVIDENCE.
   It is error to allow defendant to introduce proof of all the articles which were obtained from other persons for the building, as only such articles as were called for by the contract were pertinent to be proved.

Appeal from judgment on report of referee.

Action by Philip W. Scribner, as assignee for benefit of creditors of Howes Bros., to enforce a mechanic's lien upon a building owned by defendant, Solomon Jacobs. There was judgment for defendant, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Joseph F. Mosher,* for appellant.    *Herman Aaron,* for respondent.

DANIELS, J.    The demand presented by the plaintiff as the ground of the action was for materials furnished to the defendant for the completion of a building situated on East Twenty-Sixth street in the city of New York. The materials were furnished and delivered according to an estimate made in writing between Howes Bros., assignors of the plaintiff, and the defendant, on the 28th of September, 1886. The estimate, without including the special obligations of a contract, was made and accepted as the foundation of the agreement at the time entered into between the parties. It contained no statement of the time within which the articles were to be completed and delivered; and by a construction of law, therefore, it is deemed to have obligated the assignors to deliver the articles within a reasonable time after the acceptance of the estimate. A controversy arose at the trial concerning the period which would be reasonable for the delivery of the articles; and it was found by the referee that three weeks from the 28th of September, 1886, the date of the estimate, were sufficient for that purpose, inasmuch as the building was ready to receive them, and that fact was known to the assignors at the time when the estimate was accepted and subscribed. And evidence was given upon the trial which sufficiently tended to prove that this period was ample for the purpose, to sustain the conclusion reached by the referee. And it appeared by the evidence that the assignors had not delivered the articles mentioned in the estimate within that period of time, but that the deliveries made by them were in partial quantities from time to time extending down to the early part of January, 1887. The defendant notified them repeatedly that the articles were required in the progress of the building, and indicated periods of time within which the assignors should deliver them. These periods were objected to on the part of the plaintiff as being shorter than the circumstances would justify; but, if they were, that did not absolve the assignors from their obligation to proceed with reasonable diligence, and deliver the articles required as early as might be practicable after the time mentioned in the notices given to them for this object. That they did not do, but failed to proceed with the degree of diligence the defendant was entitled to insist upon under the estimate and the contract based upon it;

and for that delay he was entitled to damages, so far as it prevented the progress of the work and completion of the building. *Ruff* v. *Rinaldo*, 55 N. Y. 664. And the notices given to the assignors from time to time requiring the delivery of the articles, were sufficient to comply with all that was said in the decision of *Lawson* v. *Hogan*, 93 N. Y. 39. The assignors were plainly put in default, and were liable by way of damages to remunerate the defendant for the loss thereby sustained by him in the completion of the building.

But this loss was in part restricted to what would have been the reasonable rental of the building for the time during which the delay was in this manner caused; and the amount of the rental which might probably have been obtained for the use of the building during the time of the delay was not proved upon the trial. But the proof which was given to establish the extent of the defendant's right to that indemnity related to the amount of rent secured for the building after its entire completion in the year 1887. This proof consisted in evidence of the amounts for which the building was leased after its completion. But that was not the measure of the liability of the plaintiff's assignors arising out of their default; for the rent obtained for the use and occupancy of the building may very well have been much larger in the spring of 1887 than it would have been during the fall and early part of the winter of 1886, which was the period in which this default and delay occurred; for, if the building had been completed in the fall of the year, no probability is indicated by the evidence that it could have been as advantageously leased by the defendant as it was afterwards in the spring of 1887. There was, on the contrary, a probability that the building in the latter part of the year 1886 would not have been as advantageously leased as it was in the spring of 1887; and the plaintiff's counsel objected to the proof which was given as to the amount of rent received from the building subsequent to its rentals in the spring of 1887 as irrelevant and incompetent evidence. And this exception seems to have been well grounded; for what the assignors of the plaintiff had become liable for was the reasonable rental of the building during the time its completion was delayed by reason of their default. And the evidence should not only have been directed, but restricted, to that time. But, as already observed, that was not done; but the rent reserved for the occupancy of the building, months after this default, was allowed to be proved to fix its rental value during the period of the delay caused by the default; and it was upon that alone the referee acted in making the allowance which the defendant was deemed entitled to recover by way of damages for this delay. That was an erroneous disposition to be made of this part of the case.

By the report of the referee he has not allowed to the plaintiff, as the assignee of the contractors, any specific sum for the articles which in fact were prepared and delivered and used about the building, but he has charged against the plaintiff the sum of $1,224.62 for materials purchased by the defendant to complete the estimates which the assignors of the plaintiff had obligated themselves to comply with in their contract. This sum is stated by the referee to be an amount which the defendant was entitled to have offset and allowed him as against any claim of the plaintiff in the action. But what claim the plaintiff was deemed to be entitled to recover in no way appears from the referee's report. If he had credited the plaintiff with the full amount mentioned in the estimate, then this allowance to the defendant would probably have been free from objection. But he does not appear to have done that; and, as the plaintiff was entitled to recover, according to the contract and the estimate, the prices of the articles delivered to and received and used by the defendant, the latter was entitled for the articles otherwise obtained by him to no more than the difference between the estimates of the assignors and the amounts required to be paid for them by him. And that would have been the proper amount to charge over against the plaintiff, instead of the full value of the articles which were obtained, to complete the fulfillment of the contract. The

course taken by the referee would have been justified only by the allowance to the plaintiff of the full contract price mentioned in the estimates; and that does not appear to have been made by his report. And it cannot be assumed that he allowed to the plaintiff any more than the prices of the articles actually furnished to and used by the defendant, for that is all that the plaintiff was legally entitled to in the action. As to these items obtained from other parties by the defendant, the allowance made by the referee exceeds what the defendant was entitled to upon the evidence.

Proof was also allowed to be given of all the articles which were obtained from other persons for the building. This was objected to as incompetent, and an exception taken to the ruling of the referee overruling the objection. But the objection was a proper one, for only such articles as were within the assignors' estimates were pertinent to be proved upon this part of the case. The exceptions taken to the evidence allowed to be given by the defendant's witnesses, as to the time within which they could have prepared and supplied the articles not furnished by the assignors, are without foundation, for the objection was not to the form of the questions put to the witnesses. What it was material to prove on the part of the defendant was the time within which these articles could be supplied by the observance of reasonable diligence, not the time within which either one of his witnesses could by the use of their facilities have prepared and supplied the articles. But this objection was not presented to the questions allowed to be answered by the witnesses, and it is therefore not in the case. There is, however, sufficient to entitle the plaintiff to another trial of the action, both for the reason that incompetent testimony was allowed to be given to establish the extent of the defendant's right to damages, and for the disposition which the referee has made of the cost of the material or articles obtained by the defendant which should have been furnished and delivered by the plaintiff's assignors. In each respect the error is fundamental, and the judgment should be reversed, and a new trial ordered, with costs to the plaintiff to abide the event. All concur.