(4 Misc. Rep. 188.)

McCARTHY v. GALLAGHER.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. MECHANICS' LIENS—EVIDENCE—FORECLOSURE.
  In an action to foreclose a mechanic's lien an expert, who had gone with plaintiff to the premises after the filing of the lien, and who had made an effort to examine the work, may be asked why he did not examine it, as tending to show the good faith of plaintiff, and the motives actuating defendant.

2. SAME—DELAY—LOST RENTS.
  Testimony that the work was delayed by plaintiff was not sufficient to support a claim for lost rents, where it was not shown that there were any applications to rent the premises during the period for which the claim was made.

Appeal from city court, general term.

Action by Denis P. McCarthy against Patrick Gallagher. From a judgment of the general term of the city court (23 N. Y. Supp. 313) affirming a judgment entered for plaintiff on direction of a verdict at trial term, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

H. A. Brann, for appellant.

Johnston & Johnston, (Edward W. S. Johnston, of counsel,) for respondent.

BOOKSTAVER, J. This action was brought to foreclose a mechanic's lien for a balance due under a building contract and for extra work, and resulted in a judgment in favor of the plaintiff, respondent. There is no statement in the appeal book that the case contains all the evidence taken on the trial, but instead of that there appears the following: "The foregoing case on appeal contains all the testimony taken on the trial of this action." It has been repeatedly decided, of late, that the latter of these statements is not the equivalent of the former, and that under such a statement the facts are not brought before the court, even at general term, for review. Hyman v. Friedman, (Com. Pl. N. Y.) 18 N. Y. Supp. 446; Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. Rep. 1022; Upington v. Pooler, (Sup.) 19 N. Y. Supp. 428; Halpin v. Insurance Co., 118 N. Y. 166, 23 N. E. Rep. 482; Brayton v. Sherman, (N. Y. App.) 23 N. E. Rep. 471; Porter v. Smith, 107 N. Y. 531, 14 N. E. Rep. 446; Claflin v. Flack, (Com. Pl. N. Y.) 13 N. Y. Supp. 269. And it is there-

fore unnecessary to go over this ground again. But it may be proper to remark that the case under consideration is an ample justification of the rule established, for it appears from the return that Exhibits Nos. 1, 4, 8, 12, and 14 were introduced in evidence, but are not printed in the appeal book. Notwithstanding this omission the court below did review all the questions of fact involved in the case, and found there was "ample evidence to sustain his [the court's] findings," among which was the finding that the plaintiff had duly performed for the defendant the work, and furnished the materials, provided for in the contract, in all respects, on his part. This disposes of the appellant's contention that the plaintiff was bound to show performance on his part before he could recover in the action. The contention that he was bound to do it to the satisfaction of the defendant cannot be sustained, in view of the findings of fact in this case. Besides, it may be remarked that the satisfaction contemplated by law must be a reasonable one, and not a mere whim, as it appears to have been in this case.

The only questions left for review, therefore, are those arising on the exceptions taken, and they are but two or three in number. A witness, an expert paper hanger, having testified he went, in company with the plaintiff, after the filing of his lien, to the premises in question, in order to examine the character and quality of the work done and the materials furnished pursuant to the contract, testified that he made an effort to examine the inside, and was then asked the question for what reason did he not examine it, (the inside.) This was objected to as irrelevant and immaterial, the objection was overruled, and exception taken. This objection in no manner pointed out an error, if any, in the question. The testimony was, in our judgment, both relevant and material, as showing the good faith of the plaintiff, and the motives actuating the defendant in his defense. But even if the question were irrelevant it could by no possibility have injured the defendant, and as this was, in effect, an action in equity, the judgment would not be reversed merely because irrelevant matter was admitted.

The defendant had testified that he had frequently called the plaintiff's attention to the fact that he was delaying the work, and in consequence of that claimed that he had lost rent. He was then asked the question, "How much?" This was objected to on behalf of the plaintiff as incompetent, irrelevant, and immaterial; and it appears to us that an answer to that question would have been a mere conclusion of the witness, as no proper basis had been laid for it, and the defendant had not attempted to precede it or follow it up by laying the proper basis therefor. It is not in the nature of expert testimony, which would have been competent, in our judgment. It had not been shown that there were any applicants for rooms in the house, or that, by reason of their not being completed, applicants had been refused, or could not take possession, or that rent had been lost in consequence. This precise question was considered by the general term of the city court in the case of Conover v. Lennon, (City Ct. N. Y.) 18 N. Y. Supp. 162, which

was affirmed by this court.    See, also, Scribner v. Jacobs, (Sup.) 9 N. Y. Supp. 856.

No other exceptions were argued upon the appeal, and we think the judgment should be affirmed, with costs.    All concur.