[No. 8767.   Department One.   December 12, 1910.]

C. L. Jones, *Respondent*, v. Olaf Nelson, *Appellant*.[1]

Mechanics' Liens—Contract—Modifications—Evidence— Suffi-
ciency. The evidence in a mechanics' lien case supports findings to
the effect that an agreed length of a building was reduced two feet
to avoid having cornices extend over the lot lines, where one of the
parties so testified and was corroborated by the circumstances.

Damages—Contracts—Breach—Delay in Completing Building.
Damages for a month's delay in completing a flat, built for rent, are
properly disallowed, where there was no proof of applications for
rent during the time or other competent evidence of damage, and in-
terest on a large balance due was only computed from one month
after the completion of the building.

Appeal—Review—Findings. Findings upon directly conflicting
evidence of witnesses, seen and heard by the trial court, should not
be disturbed on appeal.

Appeal—Review—Harmless Error—New Trial. Upon a trial
*de novo* in the supreme court, the denial of a motion for a new trial,
heard in the wrong county, is not prejudicial, the new trial having
been properly denied.

Appeal from a judgment of the superior court for King
county, Clifford, J., entered December 13, 1909, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to foreclose a mechanics'
lien. Affirmed.

*Guie & Guie*, for appellant.

*Kerr & McCord*, for respondent.

Gose, J.—This is a bill in equity for the foreclosure of a
mechanics' lien. On August 26, 1908, the respondent entered
into a building contract with the appellant, Olaf Nelson, act-
ing through one Anderson as his attorney in fact. By the
terms of the contract the respondent agreed to erect for the
appellant, Nelson, hereafter called the appellant, a two-story
frame building consisting of twelve flats, six of five rooms
each, and six of four rooms each. Respondent agreed to fur-

[1]Reported in 112 Pac. 88.

nish the labor and material and complete the building on or before December 15, 1908. It was further agreed that the building should be "an exact duplicate" of a building theretofore erected by the respondent for one Mays, except that it should be four feet longer. The Mays building was 108 feet in length. The contract price was $7,000. Two thousand dollars was paid before the commencement of the action. The appellant claims an offset in damages to the extent of $3,888.15, on account of a shortage of two feet in the length of the building, and for defective work and inferior material. There was a judgment for the respondent for $5,000, the balance of the contract price, and for $493.75 for extra work, for attorney's fees and costs, and a decree establishing and foreclosing the lien. Nelson has appealed.

The appellant first contends that the building as constructed is only 110 feet in length instead of 112 feet, as the contract requires. Upon this feature of the case the court found:

"The defendant contended in this action that the building constructed by the plaintiff was from eighteen inches to two feet shorter than required by the contract. I find from a preponderance of evidence that at the time the plaintiff was ready to commence the construction of said building the dimensions of the building were made the subject of discussion between the plaintiff and the agent and attorney in fact of the defendant and that under an agreement then entered into a ground dimension slightly shorter than the length of the lot was determined on, but that the cornice and bay windows of said building practically reached to the limits of said lot, and that it was constructed upon a plan satisfactory to the defendant to avoid any possible controversy with the building inspector of the city of Seattle."

We think the finding is supported by the evidence. The respondent testified that the lot was represented to him to be 114 feet in length, but that when measured it was found to have a length of 112 feet; that he had had trouble with the city inspectors when attempting to put the cornice and windows of other buildings over the street, and that he so

informed Anderson, the appellant's attorney in fact, and that the latter said to him that he need not so extend it. His testimony is supported by the circumstances of the case. The agent was around the building while it was being constructed, and no complaint was made as to its length until after the commencement of the action. Including the cornices, the building is 111 feet, four inches. Measured on the foundation line, it is 110 feet, six inches. One of the appellant's witnesses stated that, when constructed, $75 would have covered the expense of extending the base of the building to the exterior lines of the lot. In the light of the record, we cannot say that the learned trial court committed error in the finding quoted.

It is next insisted that the building was not completed within the time fixed by the contract, and that the appellant should have been allowed an offset in damages. The court found:

"It was contended by the defendant that the building was not ready for occupancy on December 15, 1908, the time fixed in the contract, but the court finds that there is no competent evidence that the defendant sustained any damage by reason thereof, and that the delay in that behalf was due largely to the inclemency of the weather."

The respondent testified that the building was ready for occupancy on December 15, the date fixed for its completion, and that the appellant took possession January 22 following.

Damages, in legal acceptation, mean compensation for the loss suffered or the injury sustained. The flats were built for renting. There is no evidence that there were any applications for rooms before the completion and delivery of the building. Damages will not be awarded unless they are based on something more substantial than guess, assumption, or speculation. *McCarthy v. Gallagher*, 4 Misc. Rep. 188, 23 N. Y. Supp. 884. Interest was allowed only from February 15, 1909, the date of the filing of the lien. This, we think, afforded the appellant ample compensation for the delay, if any, in the completion of the building.

It is next urged that the appellant should have been allowed a large sum as damages arising from defective material and bad workmanship. The appellant's witnesses fixed the damages from these sources from $2,000 upwards. The court found that "the material and labor used in its construction were practically the same to all intents and purposes as that used in the construction of the Mays building of which it was to be a duplicate; that the defendant has failed to sustain any claim for damages by reason of either the labor or material used in the construction thereof." If we accept the testimony of the appellant's witnesses, both the material and workmanship were inferior to that in the Mays building. Indeed, it appears from their testimony that the quality of the workmanship is extremely bad. If, however, we adopt the testimony of the respondent's witnesses, the finding of the court is correct. No claim was made for much the larger part of the damages now claimed until after the commencement of this action. The trial court saw and heard the witnesses, and this is peculiarly a case where that advantage should turn the scale in favor of its findings. We have carefully read the testimony, comprising more than four hundred pages exclusive of the exhibits, and are constrained to concur in the findings of fact of the learned trial court. A more detailed review of the evidence would be of no value, either to the parties to the suit or to the bar.

Finally, it is said that the motion for a new trial was heard and decided in Pierce county, and that this was error. The record shows that the motion was denied in King county in open court. Accepting, however, the statement of counsel for the appellant, it was error without prejudice. The case is tried here, *de novo*. The motion for a new trial was properly denied. *Shaw v. Spencer*, 57 Wash. 587, 107 Pac. 383.

The judgment is affirmed.

RUDKIN, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.