[No. 10511.  Department Two.  November 15, 1912.]

NORTHERN PACIFIC RAILWAY COMPANY, *Plaintiff*, v. GEORGE EDMUNDS *et al.*, *Respondents*, PETER MIKES *et al.*, *Appellants.*[1]

PRINCIPAL AND AGENT—WRONGFUL ACT OF AGENT—LIABILITY OF PRINCIPAL.  Where a gang of laborers, boarding on a co-operative plan, contracted for and received provisions and supplies, the membership of the gang changing from time to time, and the membership at the time the gang broke up contributed *pro rata* a sufficient sum to pay for all the supplies, paying the money over to an agent for that purpose, the same amounted to a ratification of the indebtedness by the then members of the gang; and renders them liable therefor, upon the default of their agent, who wrongfully failed to pay over the money contributed.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered February 26, 1912, upon findings in an action of interpleader, after a trial to the court on the merits. Affirmed.

*Gordon, Easterday & Askren*, for appellants.

*Joseph O'Neill, John E. Gallagher*, and *C. E. Stevens*, for respondents.

MAIN, J.—This is an action of interpleader, brought by the plaintiff against George Edmunds, Ira C. Conger Company, Steve Prutsos, G. Mamalis and forty-three Greeks by

[1]Reported in 127 Pac. 587.

name, designating them as "Extra Gang No. 14." After the beginning of the action, Sourapas & Company, a corporation, became a party defendant by intervention. The cause was tried to the court without a jury. The vital facts, as found by the trial court, are these: Between the 27th day of July, 1911, and the 27th day of September, 1911, the men composing extra gang No. 14 were employed by the railroad company as section men, laboring on its railway track near Castle Rock, Washington. Each of them while in such employment earned a sum of money which is specifically set out in the findings of the trial court, aggregating a total of $1,591.16, which is due, owing, and unpaid. This sum had been paid into the registry of the court by the interpleader. Between the dates mentioned, the persons composing extra gang No. 14 changed from time to time; the changes consisted in some members being released from the service or quitting, and new members coming in. At the time when the work ceased, in the latter part of September, 1911, the membership of extra gang No. 14, as then composed, was partly different from the membership composing it at the time the work commenced in July, 1911. Some of the men who composed extra gang No. 14 when it began work about July 27, 1911, but not all, were defendants in this case.

With respect to the boarding arrangements of extra gang No. 14, the trial court found that these were conducted on a co-operative plan or basis, under and by virtue of which each member shared *pro rata* in the cost. The persons composing extra gang No. 14 contracted for and received goods, wares, and merchandise in the form of articles of food and provisions. This was done through the negotiations and acts of one Alec Thiakison, the interpreter, who acted as their agent, and through the negotiations and acts of members who were acting for and on behalf of themselves and the other members thereof. The goods, wares, and merchandise furnished were for the benefit of, and were consumed by, the

parties composing extra gang No. 14. As to the other defendants, George Edmonds, Ira C. Conger Company, Steve Prutsos, G. Mamalis, and Sourapas & Company, the court found that each of them had, between the 27th day of July, 1911, and the 27th day of September, 1911, furnished to extra gang No. 14 goods, wares, and merchandise which had not been paid for, and found the amount which was due and owing to each of said defendants. Prior to the beginning of this action by the railroad company, each of these defendants had begun an action against extra gang No. 14, and had caused writs of garnishment to be served upon the company. The court, at the conclusion of the trial, gave judgment against the members of extra gang No. 14 for the sums of money which it found were due and owing to the other named defendants, for the goods, wares, and merchandise which had not been paid for. From this judgment, the cause is brought here on appeal.

The question here presented is one of fact, and that is whether the goods, wares, and merchandise were furnished at the request of the members of extra gang No. 14 or through some person authorized to act for them. The appellants contend that the evidence does not sustain the findings of the trial court upon this question, while the respondent asserts that the findings are sustained by the evidence. From an examination of the statement of facts, we believe that the findings of the trial court are sustained.

The question then presents itself, whether or not the members of extra gang No. 14, made parties defendant in this action, being some but not all of the members that composed extra gang No. 14 when the members thereof began work on the 27th day of July, 1911, are liable for the goods, wares, and merchandise which were furnished between the dates specified. From the evidence introduced upon the trial, it appears that, shortly prior to September 27th, 1911, when the gang broke up, they had figured up the amount which was then owing to the various merchants who had furnished

them with supplies, and each of them had contributed his *pro rata* share which was necessary to meet all these obligations. This money was paid over to Alec Thiakison, the interpreter and their agent, with instructions to pay the obligations in question, but through his dishonesty the money was not so used. It is true that there is evidence in the record denying the fact that each of the members had contributed his *pro rata* share to this fund, but when we take into consideration the manner in which the boarding house was operated and all the surrounding facts and circumstances, as shown by the record, we believe that the evidence fairly preponderates to sustain the position that each did upon this occasion contribute his *pro rata* share. This being true, it was an act on the part of the members then composing extra gang No. 14 which plainly recognized their liability for the debts and obligations litigated in this action. Having thus recognized their liability, and having made Alec Thiakison, the interpreter, their agent, and entrusted him with the fund for the purpose of liquidating the same, we believe that the perfidy of the agent should be visited upon his principals, the members of extra gang No. 14, rather than upon the merchants who supplied the articles of food and provisions.

We, therefore, conclude that the judgment of the trial court should be affirmed.

MOUNT, C. J., MORRIS, and ELLIS, JJ., concur.