[No. 13136.　Department Two.　June 1, 1916.]

## I. M. CUSCHNER, *Appellant*, v. PITTSBURGH-HICKSON COMPANY, *Respondent*.[1]

SALES—GOODS NOT ORDERED — ACCEPTANCE — RECOVERY OF MONEY PAID. There can be no recovery for a sum paid for a carload of goods received, some of which were not ordered, where notice of rejection was not given within a reasonable time, and part of such goods were resold in the regular course of business, as there was an acceptance.

SAME—GOODS NOT DELIVERED—RECOVERY OF MONEY PAID. Where a carload of furniture included goods not ordered but which were accepted, there can be no recovery for goods ordered but not shipped unless the value thereof exceeded the reasonable value of the accepted goods in the car.

SALES—DAMAGES TO BUYER—PROSPECTIVE PROFITS—PROOF. In an action for damages through delay in filling an order for a carload of furniture, the evidence of the plaintiff and one of his salesmen that, if the goods had been received in time, they could have been sold at a profit of $650, amounts to no more than an opinion or guess, and is insufficient to sustain a verdict for substantial damages; as prospective profits must be shown with reasonable certainty.

Appeal by plaintiff from a judgment of the superior court for Spokane county, Jackson, J., entered May 24, 1915, upon findings in favor of the plaintiff for nominal damages, in an action on contract, tried to the court. Affirmed.

*Samuel R. Stern,* for appellant.

*Belden & Losey* (*Henry R. Newton,* of counsel), for respondent.

MAIN, J.—This action was brought for the purpose of recovering damages alleged to have occurred by reason of the failure of the defendant to manufacture and deliver a carload of furniture at the place and time agreed upon. The cause was tried to the court without a jury, and resulted in

[1]Reported in 157 Pac. 879.

a judgment for nominal damages only. This judgment was the result of the view of the trial court that the contract had been breached, but that the evidence did not establish facts by which the amount of the damages could be measured. From the judgment thus entered, the plaintiff has appealed.

The facts are these: During the month of June, 1913, and for some months prior thereto, the appellant was engaged in the business of selling furniture at retail in the city of Spokane. The respondent was a manufacturer of furniture located at Butler, Pennsylvania. On June 30 of the year mentioned, one Frank Drake, a traveling salesman for the respondent, sold to the appellant a carload of furniture which was to be manufactured and delivered not later than August 15, 1913. Included in this contract, there was an assortment of furniture under a combination referred to as "Tom, Dick, and Harry." In this combination, was included one hundred beds and bed springs.

On July 12, 1913, the appellant, without a request from the respondent, sent it a check for $500 to be applied on account. On August 25, 1913, he likewise sent a check for $1,000. The furniture was shipped from Butler on September 30, 1913, and arrived in Spokane on October 23, 1913. The respondent claims that this delay was due to the necessary time taken in investigating the credit rating of the appellant, and that after the order was accepted, the furniture was manufactured and shipped in the regular course of business of the factory.

During previous years, the Standard Furniture House, of which the appellant was the president, was engaged in the retail furniture business in Spokane, and from time to time purchased quantities of furniture from the respondent. In the early part of the year 1913, this firm became insolvent and made an assignment for the benefit of its creditors. The appellant began business under the name of the Standard Furniture Company on or about March 4, 1913.

When the furniture was shipped, the bill of lading was sent to a bank in Spokane with sight draft attached for $144.55, this being the balance due upon the furniture in the car.  The appellant took up this draft, opened the car, and made an invoice of the furniture therein.  In invoicing the car, the appellant discovered that a number of articles specified in the "Tom, Dick, and Harry" combination had not been included therein, and claims that furniture not included in the order had been shipped.  Thereupon the present action was begun, and the money which had been paid into the bank for the purpose of lifting the sight draft and getting the bill of lading was garnished.  Some further reference to the facts will be made when considering the points to which they may be particularly applicable.

The appellant claims three items of damages:  (a) For the goods included in the car and not ordered, but paid for, together with the freight upon the same, which amounted to the sum of $263.23;  (b) for furniture ordered and which was not delivered, $307.41;  and  (c) $650 for the loss of profits.

Before the appellant can recover for the goods claimed to have been received but not ordered, it is necessary for him to show that, within a reasonable time after the receipt of such goods, he rejected the same, and so notified the respondent. The evidence fails to show any such notice.  On the other hand, there is evidence that at least goods of this class to the extent of $50 were sold out of the appellant's store by one of his salesmen.  This was an act of ownership on the part of the purchaser which would be inconsistent with the right of ownership on the part of the seller, and would constitute an acceptance of the merchandise, even though not ordered.  When the appellant discovered that there were goods in the car which he claimed were not included in the order, one of three courses was open to him:  (a) Accept the goods which had been ordered, and reject the balance;  (b) reject all of the goods because there was included in the car

some not ordered, and there was not therein some which had been ordered; or (c) receive and accept all of the goods in the car, both those ordered and those not included within the order. The goods all came into the possession of the appellant. A portion of the goods which were not ordered were sold in the regular course of business. This constituted an acceptance of such goods, even though not ordered. 2 Mechem, Sales, § 1374.

The appellant, having received and accepted the car as it was shipped, would not be entitled to recover upon the second item, that of goods ordered but not shipped, unless the amount of money paid was greater than the value of the carload of goods which had been received and accepted. The total amount paid was $1,644.55. There is no evidence that this sum did not represent the reasonable value of the furniture in the car, including the two classes, that ordered and included therein, and that not ordered and included therein. If the appellant received and accepted furniture of the equivalent in value to the money which he paid, no balance would be due him on account of furniture ordered but not shipped.

The other item for which recovery is sought is that of loss of profits. The appellant claims that, if the goods had been shipped and received within the time contracted for, they would have been sold within the next two or three succeeding months, and that his profits upon such sales would have amounted to the sum of $650. The appellant and one of his salesmen testified that, if the goods had been received, they could have been sold, and that the profits would have been the amount specified. There was no evidence of the overhead charges of the business, of the amount of money invested therein, or of the profits which had been made at any time during the conduct of the business. The evidence offered in proof of the amount of damages was nothing more than the opinion of the witness. It amounted practically to a guess. There was no evidence of facts by which the amount of profits was established, or could be inferred. Prospective profits may

become the measure of damages when they can be properly proved. *Federal Iron & Brass Bed Co. v. Hock*, 42 Wash. 668, 85 Pac. 418. Before, however, such profits can become the measure of damages they must be proved with reasonable certainty. *Belch v. Big Store Co.*, 46 Wash. 1, 89 Pac. 174; *Sedro Veneer Co. v. Kwapil*, 62 Wash. 385, 113 Pac. 1100. When the damages sought to be recovered are based upon guess, assumption, or speculation, they are not proved with reasonable certainty. *Jones v. Nelson*, 61 Wash. 167, 112 Pac. 88; *Kopczynski v. Bolcom-Vanderhoof Logging Co.*, 71 Wash. 93, 127 Pac. 601.

As already pointed out, the evidence in this case shows no facts which either establish the amount of profits, or from which such profits can reasonably be inferred. The testimony covering the question of profits was merely an opinion or guess of the witnesses. The damages were not proven with reasonable certainty.

The appellant claims that the evidence as to the amount of profits is within the rule of the case of *Sedro Veneer Co. v. Kwapil, supra.* In that case a contract had been made for the sale of twenty-five carloads of egg case shooks. After the contract had been entered into, the purchaser, through its salesman, had contracted for the sale of all the shooks to his customers in the middle western states. Only five cars of shooks were furnished. The seller brought an action for the balance due upon the five cars, and the purchaser counterclaimed for damages for breach of the contract. In that case the purchase price of the shooks was fixed by the contract; the selling price, by the sales of the shooks to the customers of the defendant in the middle western states. Taking the difference between the purchase price and the selling price, and deducting therefrom the reasonable expense incident to the defendant's selling the shooks to his customers, would fix the amount of the profits with reasonable certainty. The amount of the profits could be ascertained with reasonable certainty from the facts supported by the evidence. In

this case the amount of the profits are sought to be established by the opinion or guess of the witnesses. We think no court has gone so far as to hold that prospective profits may be established by the opinion of witnesses as to the amount thereof.

The judgment will be affirmed.

PARKER, HOLCOMB, FULLERTON, and MOUNT, JJ., concur.