[No. 33493. Department One. June 21, 1956.]

JOHN J. HARTMAN et al., Appellants, v. KEITH J. ANDERSON et al., Respondents and Cross-appellants.[1]

[1]Reported in 298 P. (2d) 1103.

*Joseph D. Holmes,* for appellants.

*Warren Hardy,* for respondents and cross-appellants.

OTT, J.—Prior to August 1, 1952, Keith and Mildred Anderson, husband and wife, desired to purchase a building site. John and Gladys Hartman, husband and wife, had certain acreage for sale. Mrs. Hartman took the Andersons to view the property. The west boundary line was allegedly pointed out to them as being marked by two posts. Later that day, the Andersons returned with his parents, and together they viewed the property with Mrs. Hartman, who pointed out the same boundaries as before.

August 1, 1952, the Andersons purchased the property. The Hartmans gave a deed to the Andersons, who, in turn, gave to the Hartmans a note, payable in monthly install-

ments, for the balance of the purchase price, which note was secured by a mortgage.

In the spring of 1954, the Andersons learned that the property described in the deed was approximately thirty-six feet short of the west boundary, as it had been pointed out to them by Mrs. Hartman.

May 13, 1954, the Andersons prematurely deposited with the Hartmans' agent the entire balance then due on the note and mortgage, with instructions to deliver it to the Hartmans if they complied with additional conditions not contained in the original agreement. The Hartmans did not accept.

June 1, 1954, the Andersons defaulted in their monthly payments and continued in default until October 26, 1954, when the Hartmans commenced an action to foreclose the mortgage. The Andersons answered the complaint, and cross-complained alleging fraud in the pointing out of the boundaries, and praying for damages as an offset on the balance due. The cause was tried to the court.

The trial court found that Mrs. Hartman had fraudulently pointed out the boundaries of the property, and that, because of the resulting shortage in the property actually conveyed, the Andersons were entitled to an offset in the sum of five hundred dollars.

Judgment was entered awarding plaintiffs $231.17, with interest at twelve per cent from the date of default, this amount being the balance due on the mortgage after deducting the defendants' offset and fifty dollars interest previously paid thereon.

The plaintiffs have appealed, and the defendants have cross-appealed.

We will first consider the appellants' assignments of error.

■ Appellants contend that, since there was no fraud claimed in connection with the execution of the note and mortgage, the respondents' offset should not have been deducted until after interest had been computed *from the date of default* and added to the amount due.

With this contention, we do not agree. Using such a for-

mula would require the defrauded purchasers to pay interest on the purchase price of property which they did not receive. The offset awarded to the respondents in the instant case is a refund on property which they contracted to pay for and did not receive and, in effect, *amounts to a reduction in the purchase price.* In such instance, the proper formula for crediting the amount of the offset is to deduct it from the balance due on the original contract, before interest is computed thereon. *Mall Tool Co. v. Far West Equipment Co.,* 45 Wn. (2d) 158, 273 P. (2d) 652 (1954).

■ With reference to the allowance of attorneys' fees, we find no merit in appellants' contention that the evidence supported a finding, or that the *court found,* under the facts of this case, that an allowance of more than one hundred fifty dollars was justified. The court allowed the appellants one hundred fifty dollars for attorneys' fees. There is no contention that the fee allowed was not reasonable. In our opinion, the court did not abuse its discretion in awarding this amount.

The appellants next contend that there is no proof of loss, and that the adjoining owner's claim to the disputed property does not establish his ownership.

We find no merit in this contention. The disputed area was not conveyed by the Hartmans' deed. Since respondents did not receive a portion of the property pointed out to them, they suffered a loss in the amount of the value thereof.

■ The appellants cite *Conta v. Corgiat,* 74 Wash. 28, 132 Pac. 746 (1913), for the proposition that, where there was no concealment and the purchaser had twice visited the property, the doctrine of *caveat emptor* applies. The *Conta* case is distinguishable, in that the *true* boundaries were there pointed out. *Lou v. Bethany Lutheran Church,* 168 Wash. 595, 13 P. (2d) 20 (1932). In the case at bar, *false* boundaries were pointed out, and, as was stated in the *Lou* case [p. 598]:

"It has become the settled law of this state that, when a vendor undertakes to point out lands or boundaries to a purchaser, he must do so correctly. He has no right to make a

mistake except under the penalty of having the contract rescinded or responding in damages. The fraud of the vendor in such a case consists in representing as true, with knowledge that it is being relied upon as true, that which he did not know to be true. [Citing cases.]"

In *Darnell v. Noel*, 34 Wn. (2d) 428, 431, 208 P. (2d) 1194 (1949), we said:

"Whenever the owner of property undertakes to point out to a prospective purchaser the boundaries of the property he expects to sell, his representations are matters of fact, and not of opinion. In indicating the boundaries, he must do so accurately, and his failure so to do will amount to a false representation, even though he acted under an honest mistake, without intent to deceive. [Citing cases.]"

Hence, the doctrine of *caveat emptor* is not here applicable.

■ The appellants contend that the evidence does not support a finding of fraud in the pointing out of the boundaries. The testimony that Mrs. Hartman did in fact point out the boundaries falsely was in conflict. In such case, the court's findings will be accepted as true, unless the evidence preponderates against them. *Ferris v. Blumhardt*, 48 Wn. (2d) 395, 399, 293 P. (2d) 935 (1956), and case cited. Our examination of the record convinces us that the evidence does not preponderate against the court's finding.

The appellants further contend that, even if Mrs. Hartman did misrepresent the boundaries, she had no authority to bind the community for the reason that, under RCW 26.16-.040 [*cf.* Rem. Rev. Stat., § 6893], the husband " . . . has the management and control of the community real property, . . ."

■■ Where the wife is allowed to manage the community realty, and the community accepts the benefits of the contracts she has entered into, the community is estopped to deny her agency. *Wallace v. Thomas*, 193 Wash. 582, 593, 76 P. (2d) 1032 (1938). Further, the community cannot deny liability on obligations incurred by the wife, where there has been an express or implied ratification of the contract by the husband. *Streck v. Taylor*, 173 Wash.

367, 369, 23 P. (2d) 415 (1933); *Short v. Dolling,* 178 Wash. 467, 475, 35 P. (2d) 82 (1934).

Mr. Hartman ratified the contract and accepted the benefits therefrom. Under the facts of this case, the community is estopped to deny liability for Mrs. Hartman's misrepresentations.

Appellants cite *Alaska Airlines v. Molitor,* 46 Wn. (2d) 882, 285 P. (2d) 893 (1955), for the rule that one who remains in *possession* of land under a contract for the purchase thereof, is estopped to deny the title of his vendor. The case is not here in point. The respondent purchasers are not in *possession* of the disputed strip of land.

Appellants also contend that the trial court allowed respondents interest on an unliquidated claim of damages. We find no merit in this contention. The judgment reimbursed the respondents only for interest they had paid upon the amount of the reduction in the purchase price, as found by the court.

Appellants next contend that the trial court erred in failing to grant a new trial. With reference to the ground of surprise, no objection to the testimony now complained of was made at the trial, nor was a continuance requested. The claim of surprise comes too late, it not being raised until appellants filed their motion for a new trial. *State v. Gay,* 82 Wash. 423, 435, 144 Pac. 711 (1914); *Lawrence v. Farmers' Mut. Ins. Co. of Enumclaw,* 174 Wash. 588, 591, 25 P. (2d) 1029 (1933).

Appellants' newly discovered evidence does not merit the granting of a new trial because either it could have been obtained before trial by the exercise of diligence, or its admission would not have changed the result. *Nelson v. Placanica,* 33 Wn. (2d) 523, 526, 206 P. (2d) 296 (1949).

The appellants contend that there is no evidence to sustain the court's finding of a five hundred dollar offset for the respondents. Only one witness testified to the value of the property in dispute. This witness agreed that the value at the time of sale was three hundred thirty-three dollars. He further testified that it had a greater value to an adjoin-

ing owner, but fixed no amount from which the court could find such greater value.

■■ We have held that recovery will not be denied because the amount of damage is incapable of exact ascertainment, if the evidence is sufficient to afford a reasonable basis for estimating the loss. *Dunseath v. Hallauer,* 41 Wn. (2d) 895, 902, 253 P. (2d) 408 (1953), and cases cited. The record in the instant case discloses no evidence that would afford a reasonable basis for estimating the loss to be more than three hundred thirty-three dollars. Any finding in excess of that amount is speculative and conjectural, and, hence, not allowable. *Jones v. Nelson,* 61 Wash. 167, 112 Pac. 88 (1910); *Yamaoka v. Kloeber,* 71 Wash. 598, 129 Pac. 387 (1913); *Hufford v. Cicovich,* 47 Wn. (2d) 905, 290 P. (2d) 709 (1955).

■ The cross-appellants' assignments of error all relate to the sufficiency of their tender. A tender is defined as

"An offer of money; the act by which one produces and offers to a person holding a claim or demand against him the amount of money which he considers and admits to be due, in satisfaction of such claim or demand, *without any stipulation or condition.*" (Italics ours.) Black's Law Dictionary (4th ed.), p. 1637.

See, also, Hunt on Tender, 269, § 260; 6 Williston on Contracts (Rev. ed.) 5143, § 1814.

The tender was conditioned upon the granting of a second water right by the appellants to the respondents. The parties had not agreed upon the granting of a second water right. The condition therefore invalidated the tender.

We find no merit in the cross-appellants' assignments of error.

The evidence affords no reasonable basis for determining the respondents' offset to be in excess of $333. The judgment of the trial court is modified to allow an offset to respondents in the sum of $333, plus $33.30 interest previously paid thereon. The judgment in favor of the appellants is correspondingly increased to $414.87, plus interest, as provided in the note and mortgage, at the rate of

twelve per cent per annum from June 1, 1954. The judgment of the trial court is affirmed in all other respects.

Neither party having entirely prevailed upon appeal, neither shall recover costs.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

September 4, 1956. Petition for rehearing denied.

