[No. 10216.   Department One.   August 14, 1912.]

HILLIS LOGGING COMPANY, *Appellant*, v. C. T. MESCHER, *Respondent*.[1]

PRINCIPAL AND AGENT—PERSONAL LIABILITY OF AGENT—BREACH OF COVENANTS—SALES—TITLE—MISREPRESENTATIONS. The covenants of warranty of title in a bill of sale signed by the defendant as agent do not render him liable for misrepresenting the title, which failed, where he had authority to make the sale and believed that his principal had good title, and made no representations relating to the title other than those contained in the bill of sale, which were the covenants of the principal.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered September 25, 1911, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action for fraud. Affirmed.

*Merrick & Mills*, for appellant.

*J. Henry Denning*, for respondent.

PARKER, J.—The plaintiff commenced this action in the superior court to recover damages resulting to it from alleged false and fraudulent representations made by the defendant inducing it to purchase from the Betz Mescher Company, a corporation, a second-hand donkey engine. The cause was tried before the court and a jury. At the close of the evidence, the court directed a verdict in favor of the defendant, which the jury returned. Judgment was rendered accordingly. The plaintiff has appealed.

The controlling facts are not in dispute. Appellant purchased the engine from the Betz Mescher Company through respondent as agent of that company, at an agreed price of $600. The purchase price was paid by appellant to respondent, and by him turned over to the Betz Mescher Company. Thereafter appellant lost the engine because of the

[1]Reported in 125 Pac. 768.

defective title of the Betz Mescher Company thereto at the time of the sale. The alleged false representations made by respondent to appellant inducing the sale were that the Betz Mescher Company had good title to the engine and right to convey the same. It is undisputed however that no representations whatever were made by respondent to appellant relating to the title orally, in the negotiations leading up to the sale. The only representations made as to title were those of the usual covenants of warranty of title which were contained in the bill of sale executed for the conveyance of the engine. This was a bill of sale executed by Betz Mescher Co. by C. T. Mescher.

There is but little evidence tending to show what knowledge respondent had of the title to the engine, but what little there is tends to show that he honestly believed that the Betz Mescher Company had, at the time of the sale, perfect title to the engine and a right to sell it. Respondent was apparently fully authorized to make the sale for the Betz Mescher Company so far as his agency authority is concerned, and no contention is made to the contrary. The facts indicate that appellant may have a good cause of action against the Betz Mescher Company upon its warranty, but it seems clear to us that sufficient has not been shown to support a charge of fraudulent representation against respondent. He is not shown to have made any representations personally. In so far as the language of the covenants of warranty is concerned, it is the language of the Betz Mescher Company. That language having been used by it through respondent as its agent, might render him responsible therefor if known by him to be false, but not otherwise. 20 Cyc. 24.

The judgment is affirmed.

MOUNT, GOSE, CROW, and CHADWICK, JJ., concur.