[No. 10860. Department One. March 11, 1913.]

F. BOGART, *Respondent*, v. PITCHLESS LUMBER COMPANY, *Appellant*.[1]

DAMAGES—BREACH OF CONTRACT—PROSPECTIVE PROFITS—EVIDENCE —ADMISSIBILITY. Upon breach of a contract to employ plaintiff to log defendant's timber, the plaintiff may recover his prospective profits, to be ascertained by the best evidence obtainable, such as the estimates of qualified timber men, acquainted with local conditions, as to the cost of performing particular parts of the work, although the estimates do not furnish a measure of mathematical nicety.

Appeal from a judgment of the superior court for Clarke county, McMaster, J., entered March 4, 1912, upon findings in favor of the plaintiff, in an action on contract. Affirmed.

*Connor & Akins*, for appellant.

*H. W. Arnold*, for respondent.

CHADWICK, J.—Plaintiff brought this action to recover damages for the breach of a contract.

Defendant was the owner of a certain body of saw timber, and plaintiff engaged to remove it. It is unnecessary to go into the detail of the contract. Plaintiff entered upon the performance of his undertaking, but was ordered by the defendant to cease work pending a season of possible high water in the Columbia river.

Thereafter and after all danger from high water had passed, defendant notified plaintiff it would not log its timber. Plaintiff was at all times ready and willing to perform, but performance was refused by defendant. The court allowed a recovery of $408, being 34c per thousand feet board measure, which the court found to be the prospective profits on 1,200,000 feet. From a judgment for this amount, defendant has appealed.

[1]Reported in 130 Pac. 490.

The case comes here upon exceptions to the findings of fact. There is evidence to sustain the finding of the court that a contract was made and breached by the defendant, and the only question open is whether the court properly measured the damages. Plaintiff was to receive $4.50 per M. A number of witnesses, most of them being qualified as competent timber men and who knew the local conditions, were asked how much it would cost to log the land, or how much it would cost to perform particular parts of the work, as felling, bucking, and swamping. From all of this evidence the court found that plaintiff might have made a profit. This method of arriving at the amount to be assessed as damages is challenged by appellant.

It is true, as contended, that "what one thinks and calculates that he could have made a certain sum, for a breach of contract, is not evidence on the question of damages." Nor is the subject one that is usually determined by opinion or expert testimony, based upon a hypothetical question; for, as is aptly said, as many witnesses might be found to swear that there would be no profits as might swear that there would be profits. This would tend to speculation, while the theory upon which prospective profits are allowed is that they can be estimated with reasonable certainty. Such profits do not have to be accurately known. They are to be determined from a consideration of all of the tangible evidence upon the subject. *Belch v. Big Store Co.*, 46 Wash. 1, 89 Pac. 174. This court is committed to the doctrine of allowing prospective profits. In *Watson v. Grays Harbor Brick Co.*, 3 Wash. 283, 28 Pac. 527, it was held that:

"When one contracts to perform work for another at a stipulated price, and is prevented by him from entering upon the performance, the measure of damages is the difference between the cost of performing the work by the party agreeing to do it and the price agreed to be paid for it."

See, also, *Skagit R. & Lumber Co. v. Cole*, 2 Wash. 57, 25

Pac. 1077; *Graham v. McCoy,* 17 Wash. 63, 48 Pac. 780, 49 Pac. 235.

To ascertain the cost of performing any contract so as to arrive at the measure laid down in the above cases, resort must of necessity be had to the estimates of those who are competent to pass judgment and who have knowledge of the particular conditions.

"The trees were there from which the logs, spars and piles could be manufactured; and at the time of the breaches there was the benefit of past experience—the known results of previous efforts in carrying on the work—from which to form an estimate of what could have been done thereafter had the supplies been furnished." *Skagit R. & Lumber Co. v. Cole, supra.*

Such evidence is received upon the theory that it is the best evidence obtainable. Consequently men who know conditions, and have dealt in commodities, lands, or manufactured goods, are constantly called upon to advise courts and juries as to cost and value. 5 Ency. Evidence, 535, 569; Jones, Evidence, § 375 *et seq.*; Wigmore, Evidence, §§ 558, 713, 721.

Whether a witness is competent to express an opinion depends largely upon the discretion and sound judgment of the trial judge. No hard and fast rule can be laid down in such cases. The object of every trial is to elicit the truth, and whether the opinion is to be based upon personal knowledge or upon hypothetical questions must necessarily vary as the cases present themselves, the court keeping in mind at all times the rule of best evidence. In this case, the witnesses had personal knowledge and estimated the cost of getting out the logs. Appellant says respondent should have shown his profit in some other way. No other way is pointed out, nor do we know of a better way than to take the difference between the cost and the price to be paid. The cases cited and relied on by appellant all follow the general rule, and proof of profits was denied because of some element, added or omitted, which

made the question one of speculation or conjecture, rather than one of reasonable certainty.

It is complained that there is no evidence to sustain the exact sum allowed by the trial judge. This is probably true. Damages depending on varying estimates cannot be measured with mathematical nicety. It is enough that the judgment is within the evidence. There is testimony that would sustain a larger recovery, and appellant is not injured.

Judgment affirmed.

CROW, C. J., GOSE, MOUNT, and PARKER, JJ., concur.