[No. 15241.   Department One.   July 31, 1919.]

# H. C. BROMLEY *et al.*, *Respondents*, v. HEFFERNAN ENGINE WORKS, *Appellant*.[1]

DAMAGES (15)—BREACH OF CONTRACT—PROSPECTIVE PROFITS. Prospective profits which a builder would have made upon a building contract are not speculative and therefore may be recovered if proven with reasonable certainty.

DAMAGES (118)—BUILDING CONTRACTS—PROSPECTIVE PROFITS—EVIDENCE. Prospective profits upon a building contract, breached by the owner, are sufficiently proven where it appears that the parties contemplated a profit of 10%, and expert witnesses testified that, considering the plans, cost of labor and material, and local conditions, a profit of 10% would have been made.

APPEAL (448, 449)—REVIEW—HARMLESS ERROR. Error in the form of a question permitting experts to state the amount of prospective profits is not prejudicial where it appears that they estimated the profits at the difference between the contract price and what it would cost to perform the contract.

Appeal from a judgment of the superior court for King county, Ronald, J., entered September 23, 1918, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Bronson, Robinson & Jones,* for appellant.

*Ralph S. Pierce,* for respondents.

MAIN, J.—The purpose of this action was to recover damages for breach of a building contract. The cause was tried to the court and a jury, and resulted in a verdict for the plaintiffs. The defendant interposed a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial, both of which were overruled. Judgment was entered upon the verdict, and the defendant appeals.

The respondents are copartners doing business under the firm name of Hull Building Company. The

[1] Reported in 182 Pac. 929.

appellant is a corporation with its principal place of business in Seattle, Washington. During the month of May, 1918, the appellant contracted with the respondents to erect for it a certain building, and breached the contract before its performance was entered upon. At least from the evidence, the jury had a right to find that the contract was made and breached. The verdict of the jury upon this question is accepted by the appellant so far as the appeal is concerned, but it is claimed that the respondents failed in their proof of damages.

The only question here is whether the proof was sufficient to carry the question of damages to the jury. The appellant claims that the damages, if any, were remote and speculative, and therefore the proof would not sustain the verdict and judgment. It is further claimed that, in any event, the damages were not proven in a proper manner.

This court has adopted the rule that, upon the breach of a contract, prospective profits may be recovered as damages, provided they can be proven with reasonable certainty, but that damages which are remote and speculative cannot be recovered. *Cuschner v. Pittsburgh-Hickson Co.*, 91 Wash. 371, 157 Pac. 879.

Upon the trial, the contract price of the building was shown, and it was also shown that, at the time the contract was made, it was within the contemplation of the parties that the respondents would make a profit of ten per cent of the contract price. Witnesses who had been engaged in the contracting business for many years testified, over objections, that, taking into consideration the plans for the building, the cost of labor and material and local conditions, the respondents, had they been permitted to perform the contract, would have made a profit of ten per cent.

The evidence offered in proof of damages is not substantially different from that in the case of *Bogart v. Pitchless Lumber Co.*, 72 Wash. 417, 130 Pac. 490. In that case the plaintiff had contracted to remove certain timber of which the defendant was the owner. The latter breached the contract, and the action was brought to recover damages for the loss of profits which would have been realized had the contract been performed. There a number of witnesses, who were qualified as competent timber men and who knew local conditions, were permitted to testify as to what it would cost to log the land and how much it would cost to perform certain parts of the work, such as felling, bucking and swamping. From this evidence, the case being tried to the court, it was found that the plaintiff would have made a profit. It was there said:

"To ascertain the cost of performing any contract so as to arrive at the measure laid down in the above cases [which is the rule above referred to], resort must of necessity be had to the estimates of those who are competent to pass judgment and who have knowledge of the particular conditions. . . . Such evidence is received upon the theory that it is the best evidence obtainable. Consequently men who know conditions, and have dealt in commodities, lands, or manufactured goods, are constantly called upon to advise courts and juries as to cost and value."

It cannot be held that the profits which would have been made upon the building contract, had it been performed, are remote and speculative and, therefore, incapable of proof. Such a doctrine applied to the extensive business of contracting would be an anomaly in the law. No case so holding has been called to our attention.

But in this case it is said that the witnesses were asked the direct question as to what the amount of

profits would be, rather than the cost of the construction of the building, taking into consideration the price of labor and material and the local conditions. It is true that the form of the question propounded to at least two of the witnesses is subject to this objection, but it does not necessarily follow that the judgment should be reversed because the questions were improper in form, if they were not improper in substance.

Reading the testimony, it is plain that the witnesses, in answering the question, were taking into consideration the contract price, the cost of labor and material and the local conditions, and estimating the profits at the difference between the contract price and what it would cost to perform the contract.

We think the evidence offered in this case comes within the rule of reasonable certainty, and that, therefore, the judgment should be sustained.

Affirmed.

HOLCOMB, C. J., MACKINTOSH, MITCHELL, and TOLMAN, JJ., concur.