[No. 15752. Department One. June 15, 1920.]

### J. DI LUCK, *Respondent,* v. BRADNER COMPANY, INCORPORATED, *et al., Appellants.*[1]

APPEAL (418)—REVIEW—FINDINGS. Findings upon conflicting evidence will not be disturbed unless against the preponderance of the evidence.

DAMAGES (73)—MEASURE OF DAMAGES—BREACH OF BUILDING CONTRACT. The measure of damages for the owner's breach in cancelling a building contract is the amount of profits which might reasonably be anticipated, being the difference between the contract price and the cost; and it is error to add anything for the contractor's loss of his time during which he sought other work.

PRINCIPAL AND AGENT (48)—AGENT'S LIABILITY—OWNER'S BREACH OF CONTRACT. Upon the owner's breach by the cancellation of a building contract, the general contractor who acted merely as agent of the owner in making the contract, is not liable.

Appeal from a judgment of the superior court for King county, Hall, J., entered April 30, 1919, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Modified.

*Byers & Byers,* for appellants.

MACKINTOSH, J. — Action to recover damages for breach of contract.

[1]Reported in 190 Pac. 904.

On April 4, 1918, the respondent entered into a contract for the construction of terrazo floors in an apartment house in Seattle owned by the appellant Bradner Company. By the contract, it was provided that the respondent was to commence work on May 1st. On April 29, the respondent was notified that the building was ready for him to commence operations. On May 6, appellants notified respondent that his contract was cancelled. As items of damage, the respondent claimed loss of profits in the sum of $400, and the value of the work he would have performed had he been allowed to undertake the contract, in the sum of $238. Upon the trial, judgment was rendered in respondent's favor in the sum of $332.85 on the first item, and $133 on the second item.

The appellants contend that, on account of the inactivity of the respondent from April 29 until May 6, they were justified in cancelling his contract, and further claim that, in any event, the court proceeded upon a wrong basis in assessing damages. Reading over the entire record, which is short, leaves us in doubt as to the question of fact involved in this case, and as we cannot say that the evidence preponderates against the findings of the trial court, under the well recognized rule, the findings must be confirmed.

Upon the question of damages, the trial court, however, was in error. The testimony shows that the profits which might reasonably be anticipated upon the contract as awarded would amount to $332.85, this being the difference between the contract price and what it would have cost the respondent to have performed the work called for in the contract. *Hayes v. Wagner*, 220 Ill. 256, 77 N. E. 211. The testimony also shows that, had the contract been performed, the respondent intended to work thereon and he would have been provided with thirty-four days' of work at $7

per day, and that, during the period that respondent would have been performing the contract, he diligently sought for other work and secured it, for which he earned $105, and the judgment allowed him the difference between $238 and $105, or $133.

This second item of damages was erroneously allowed for the reason that the contract was a building contract and not a contract for services, and respondent is not entitled to double damages by treating it as both sorts of contract. When the work was done, had he completed it, he would only have received the contract amount, which would have included his own work or the work of whomever he had employed in his stead; for all the work was to be done for the price of the contract. When the appellants let the contract they were not hiring the respondent, nor was it material to them whether he labored himself or secured and paid for the labor of others.

The judgment ran against the Bradner Company, which was the owner of the premises, and E. J. Rounds, doing business as E. J. Rounds Construction Company, the general contractor who, in making the contract, acted as agent for the Bradner Company; the contract showing on its face that it was signed "The Bradner Company, Inc., by E. J. Rounds Construction Company, Agent." All the correspondence which constitutes the contract between the parties is conclusive that E. J. Rounds Construction Company was merely acting as agent of the owners; therefore, including them in the judgment was error.

The judgment of the trial court will be reduced to $332.85 against the appellant, the Bradner Company, and affirmed for that amount.

HOLCOMB, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.