[No. 16673.  *En Banc.*  February 4, 1922.]

LEE WRIGHT, *Respondent*, v. J. F. DUTHIE & COMPANY, *Appellant.*[1]

DAMAGES (118)—BREACH OF CONTRACT—LOSS OF PROFITS — EVIDENCE—SUFFICIENCY. The measuré of damages for refusing to permit a contractor to complete the caulking of two vessels upon which he was engaged is the loss of profits on the whole contract, the amount of which is properly determinable by the estimates of qualified competent witnesses.

SAME (74, 118)—MEASURE OF DAMAGES — LOSS OF PROFITS — BREACH OF CONTRACT—EVIDENCE. In an action to recover lost profits by a contractor on ship construction work who had been prevented from completing the contract, the fact that the contractor worked as a laborer along with his men would not establish that his loss of time was erroneously included in addition to his loss of profits, where there was no extra claim on account of such personal service.

DAMAGES (94) — EXCESSIVE DAMAGES — BREACH OF CONTRACT. Where a shipbuilder, after cancelling a contract for caulking rivets, completed the work for a sum less than the contract price, that fact would not be controlling on the question of the contractor's loss of profits, and hence a verdict in excess of that amount cannot be ascribed to passion and prejudice on the part of the jury.

SAME (128)—MEASURE OF DAMAGES—INSTRUCTIONS. In an action for lost profits by reason of the prevention of performance of a contract, where there was neither pleading nor proof of damages for loss of time, an instruction to the jury, that, if they find for plaintiff, they should allow. such an amount as will justly compensate him for the damages which have been established by the evidence, is not open to the objection that it allows them to find for plaintiff's loss of time.

TRIAL (101)—INSTRUCTIONS — REQUESTS ALREADY GIVEN. In an action upon a contract whose performance was prevented by defendant, an instruction that the measure of damages is the excess of the price plaintiff was to receive under the contract for the performance of the work over what it would have cost him to have performed the work called for in the contract being proper, it was not error to refuse a requested instruction on the same subject in different language.

DAMAGES (128)—MEASURE—BREACH OF CONTRACT—INSTRUCTIONS. Where loss of profits on a contract was all that was claimed under

[1]Reported in 204 Pac. 191.

a complaint and the evidence, a general instruction that the burden
was on plaintiff to prove by a fair preponderance of the evidence
the material allegations of the complaint, was sufficient.

Appeal from a judgment of the superior court for
King county, Hall, J., entered April 14, 1921, upon the
verdict of a jury rendered in favor of the plaintiff, in
an action on contract. Affirmed.

*Bogle, Merritt & Bogle,* for appellant.
*John F. Dore,* for respondent.

MITCHELL, J.—This is an action by Lee Wright
against J. F. Duthie & Company, a corporation, to re-
cover damages for the breach of a contract by which
he undertook to perform certain work upon two steel
vessels under construction in the corporation's yard
at Seattle. The contract was as follows:

"Seattle, Wash., March 31, 1921.
"I, the undersigned, agree to do all the chipping,
caulking and packing, and to test the tanks, on the
Coal Carriers known as Hulls Nos. 36 and 37, for the
sum of Five Thousand Two Hundred Fifty ($5,250)
Dollars per hull.
"It is understood and agreed that this figure covers
the whole cost of this work, which is to be done in ac-
cordance with the plans and specifications covering
said ships.
"Lee Wright.
"We agree to the above with the understanding that
said work is to be performed in a workmanlike man-
ner and completed when needed, due allowance to be
made in the event of a strike.
"J. F. Duthie & Co.
"By J. F. Duthie, President."

It was alleged that the plaintiff entered upon the
performance of the contract, and that defendant, with-
out reasonable excuse, refused to permit him to com-
plete it, whereby he was damaged in the sum of $4,500.

The defendant answered that plaintiff breached the contract by the unworkmanlike manner in which he performed it, for which reason defendant cancelled the contract and thereafter completed the work; and it denied that plaintiff suffered any damage. The case was tried to a jury, which returned a verdict for the full amount sued for. Defendant moved for a judgment n. o. v. or, in the alternative, for a new trial, both of which motions were denied. Judgment upon the verdict was entered in favor of the plaintiff, from which the defendant has appealed.

It is contended by the appellant that the evidence shows the respondent breached the contract and failed to prove recoverable damages. In the construction of a steel vessel the rivets are supposed to be driven water tight and tested with a hammer prior to the work of caulking and packing. Appellant contends that the riveting upon these two hulls was done in the usual manner, and that respondent refused to caulk those on the shell of the vessels without extra pay, which was refused, upon the claim that there was an excessive number of leaking rivets. On the contrary, respondent claims that the usual and ordinary driving and testing of rivets (such as was specially promised him in this case) required that not to exceed five or six per cent should require caulking, that approximately eighty per cent of these rivets were not driven water tight and needed caulking, and that, upon his reporting it, he agreed to stand one-half of the extra expense and that appellant agreed to pay the other half.

It appears that in caulking rivets proper care must be taken not to use rough or sharp tools, so as to avoid leaving the head of the rivet rough, causing it to rust quicker; and also to avoid cutting into the plate about the rivet, weakening and causing it to rust quicker.

Appellant claims that the respondent violated this rule of good workmanship, and continued to do so over its protest. On the other hand, it is claimed by the respondent the tools used by him and his workmen, all of whom were experienced men, were proper and kept in suitable condition and that their work was good. It is also claimed that respondent's manner of caulking the rivets when the tanks of the vessel he commenced to test were under water pressure was unworkmanlike and not permissible. The respondent contends otherwise. The record shows a square conflict of the evidence on these several matters it was the province of the jury to decide.

Upon the assignment that damages were not proven, appellant claims the respondent could recover, if at all, only the difference between the contract price and the amount he and his men had been paid, plus what it would have cost him to complete the contract, including his own time. But the case was clearly one of lost profits on the whole contract. That was the theory on which it was tried. The evidence shows that the respondent and others he employed worked on the job, and that, until the contract was cancelled by the appellant, payments had been made from time to time upon the basis of $12 per day for the respondent and each of his men, in the total sum of $3,839.60. Respondent's evidence, from qualified competent witnesses, shows that one vessel was seventy to seventy-four per cent and the other eighty-six to eighty-eight per cent complete, from which it was submitted that the jury could reasonably draw the conclusion as to the proper amount of damages or loss of profit. Appellant objects that that basis for the verdict is merely conclusions of the witnesses and does not comply with the rule with respect to proof of prospective profits.

In the case of *Bogart v. Pitchless Lumber Co.*, 72 Wash. 417, 130 Pac. 490, it was said: "Such profits do not have to be accurately known. They are to be determined from a consideration of all of the tangible evidence upon the subject." See, also, *Nelson v. Davenport*, 108 Wash. 259, 183 Pac. 132. Further, in the *Bogart* case, after referring to several cases, it was said: "Resort must of necessity be had to the estimates of those who are competent to pass judgment and who have knowledge of the particular conditions." Appellant's own witnesses in testifying gave the percentage of the completion of the work at the time of the cancellation of the contract, which, generally, was less than that given by respondent's witnesses.

Also, in this respect, it is argued there is erroneously included in the estimate the loss of respondent's time in addition to his loss of profits. We do not so understand the proof. The estimate as to the work yet to be done and the balance to be paid under the contract price were based upon the respondent's continuing to work as he had been working. It was immaterial to the appellant who did the work, since all that was demanded by respondent as lost profits was the difference between the cost of the work and the contract price. Appellant relies on the case of *Di Luck v. Bradner Co.*, 111 Wash. 291, 190 Pac. 904. It was a case in which there was a claim of damages for lost profits in the sum of $400, and in addition the value of the personal work plaintiff would have performed in the sum of $238 had he been allowed to carry out the contract. In the present case, the second claim of damage is lacking. It is confined to loss of profits.

After cancelling the contract, the appellant, in completing the work on the vessels, claims to have expended such sum that it, with the amount paid to the

respondent, equalled only $788.14 less than the contract price. It is contended such outlay was necessary and reasonable, and that a verdict for more than $788.14 was excessive and given under the influence of passion and prejudice. The contention, however, is but a feature of the whole controversy as to the question of profits, and certainly there is no evidence of passion or prejudice on the part of the jury if respondent's proof is true, which the jury was at liberty to believe.

Exceptions were taken to instructions that, if the jury found by a fair preponderance of the evidence appellant prevented respondent, without reasonable excuse, from completing the work and respondent was damaged thereby, they should find for him; but that if he was not damaged thereby, then they should find for the appellant. And further, that, if they find for the respondent, they should allow such an amount "as in your opinion will fairly and justly compensate him for the damages, if any, which has been established by the evidence because of defendant's preventing him from completing the work", not, however, exceeding $4,500. Specifically, it is argued that the only damages alleged are lost profits, while the instructions do not so limit the right of recovery, but that the jury might well have understood they could allow the respondent for loss of time. What has already been said heretofore sufficiently answers the argument, as there was neither allegation nor proof of damages for loss of time.

The instruction that the measure of damages is the excess, if any, of the price respondent was to receive under the contract for the performance of the work over what it would have cost him to have performed the work called for in the contract was proper; and the refusal to give a requested instruction in different language upon the same subject was not prejudicial.

Under the facts in this case, the one requested and refused was no clearer or more appropriate than the one given.

Instructions were requested and refused to the effect that if the tools used by respondent were not proper, or if his manner of caulking the rivets of the tanks of the vessels while they were under a head of water pressure was not proper, that then the respondent broke the contract and the verdict should be for the appellant. There was a dispute as to the rule and practice in these respects as well as the kind and condition of the tools that were used, as well as the kind that should be used, and we are satisfied the jury was properly advised by the instructions with reference to whether or not appellant prevented respondent, without reasonable excuse, from completing the contract.

The court gave the general instruction that the burden was upon the plaintiff to prove by a fair preponderance of the evidence the material allegations of the complaint. Appellant claims the instruction was not sufficient where the sole recoverable damages, if any, were lost profits. But since it has been seen that loss of profits was all that was claimed by the complaint and of which any evidence was given, we think the instruction was sufficient. Other instructions requested and refused were properly refused or sufficiently covered by instructions that were given.

Judgment affirmed.

PARKER, C. J., HOVEY, MAIN, HOLCOMB, TOLMAN, MACKINTOSH, and BRIDGES, JJ., concur.