[No. 16916. Department One. April 10, 1922.]

EMIL OLSON et al., *Respondents,* v. ANDREW O. SOLBERG et al., *Appellants.*[1]

CONTRACTS (3)—CERTAINTY—TIME AND PLACE. An agreement whereby the logging engine was to be returned to the sellers for their use during the following summer for the purpose of completing the logging of a certain forty acres is sufficiently definite as to the period of time covered.

DAMAGES (118)—MEASURE—BREACH OF CONTRACT—PREVENTING PERFORMANCE—LOSS OF PROFITS. Plaintiff's damages for breach of contract for the use of a logging engine are sufficiently shown by proof of the value of logs lost by inability to obtain any other engine to complete his logging contract within its time limit.

Appeal from a judgment of the superior court for King county, Brinker, J., entered June 24, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Thos. R. Horner,* for appellants.

*F. B. Carpenter,* for respondents.

TOLMAN, J.—In November, 1918, appellant Andrew O. Solberg purchased from the respondents a donkey engine which they had theretofore used in carrying on certain logging operations. The cash purchase price

[1]Reported in 206 Pac. 10.

was $800, which was fully paid, and possession of the engine given. Respondents claim that, in addition to the cash consideration, it was mutually agreed that, while title should immediately pass; yet, as part of the consideration for the sale, respondents should have a right to the use of the engine during the following summer for the purpose of completing their logging operations upon a certain described piece of land situated not far from appellants' home. No bill of sale or written memoranda evidencing either the sale or the alleged conditions was made. In August, 1919, appellant permitted respondents to take the engine, as he claims, solely for the purpose of clearing an acre or so of land adjoining his premises, for the reason that the logs, brush and trash thereon clogged up a ditch which had been constructed across the tract, or otherwise impeded the flow of flood waters, so that in periods of high water this debris caused the flooding of that particular acre, and also of appellants' land adjoining; while respondents claim that they were given possession of the engine not only for the purpose just stated, but also in pursuance of the original agreement that they might complete their logging operations.

After using the engine for a short time for the purpose first stated, respondents removed it to the scene of their logging operations, and there kept it some three weeks, though it was in actual use but a portion of that time. Appellant was away from home when the engine was so removed, and after returning and learning what had been done, he demanded a return of the engine to him. His demand not being complied with, he, within a day or two, took possession of and removed the engine to his own premises. Thereafter respondents brought this action to recover damages for the alleged wrongful act of appellants in removing

and denying them the use of the engine. The cause was tried to a jury, which returned a verdict against the appellants in the sum of $500, and from a judgment on the verdict, this appeal is taken.

Certain assignments of error were made based upon the denial of a motion to strike from the complaint, the denial of a motion to make more definite and certain, the overruling of a demurrer, and the like, all of which were waived upon oral argument; and thereafter this waiver was confirmed in writing, and the case submitted on its merits as an action for breach of contract. There remains, therefore, for us to consider only whether there was sufficient evidence to go to the jury upon the question of what was the contract, and whether there was any competent evidence as to damages which will sustain the verdict.

Upon the first point, the evidence was directly conflicting and not decidedly preponderating in either way, but appellants contend that the terms of the condition, as testified to, were so uncertain as to make it unenforceable, in that the time when the engine should be returned to respondents for their use, or the length of time that they might keep and use it, were not definitely fixed. But this testimony of the respondents is quite clear and definite to the effect that it was agreed that they should have the use of the engine during the summer following the sale, for the purpose of completing the logging of a certain forty-acre tract specifically described. This we hold was sufficiently definite.

Upon the question of damages, the evidence is not wholly satisfactory, but there was competent evidence to the effect that respondents had purchased the standing timber upon the land referred to, with a time limit as to its removal; that, because of the wet and marshy condition of the land, logging could be successfully

carried on only in the summer months; that, at the time appellant took away the engine, there was cut about 100,000 feet of logs, which had been scaled, and the exact number of feet of cedar, spruce, fir and hemlock was testified to by the scaler. Less than half of these logs had been drawn out and piled ready to be loaded on trucks and transported to the river, and there still remained, besides the logs in the woods, some timber still to be cut; that the logs could be put in the river at an expense of about $5 a thousand feet, and floated down to a boom company which had agreed to gather, scale and market them, making a charge for its services of $1 per thousand, and the market prices, at the boom, of logs of various kinds and grades covering all of the kinds here in question was shown from the time the engine was taken away down to July, 1920, so as to fully cover any possible delay in floating or marketing the logs. There was testimony that no engine could be obtained to take the place of the one removed, and that respondents were wholly unable to get their logs to the river, and lost them by the expiration of the time limit in their contract for removal, solely because of appellants' wrongful act.

In the light of this testimony, which the jury was entitled to accept or reject, we cannot hold that the verdict is unsustained by the evidence, or that it is excessive in amount.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and MACKINTOSH, JJ., concur.