[No. 20271. Department One. April 18, 1927.]

JESSE B. BOWMAN et al., Cross-Appellants, v. D. R. HELSER et al., Appellants.[1]

[1] NUISANCE (9)—DAMAGES (15)—PRIVATE NUISANCE—INJURY TO OYSTER BED—LOSS OF PROFITS. The owner of oyster lands is liable for continuing damages to the owner of adjoining oyster lands, through his operations during the spawning season by which earth and sediment were deposited on such adjoining lands preventing the catch of spat.

[2] DAMAGES (74)—LOSS OF PROFITS. Anticipated profits from oyster culture lost through a private nuisance maintained by an adjoining owner may be recovered where they can be proved with reasonable certainty.

[3] WITNESSES (72)—CROSS-EXAMINATION—DISCRETION OF COURT. The limitation of cross-examination in a case tried to the court rests largely in the discretion of the trial court.

[1] Reported in 255 Pac. 146.

Cross-appeals from a judgment of the superior court for Thurston county, Wilson, J., entered February 10, 1926, upon findings in favor of the plaintiffs, in an action for damages, tried to the court. Affirmed.

*Vance & Christensen,* for defendants-appellants.

*Troy & Yantis,* for plaintiffs-appellants.

French, J.—About the year 1904, David Helser was the owner of a twenty-acre tract of oyster land located in Kamilchie Bay, commonly known as Oyster Bay, in Mason county. That year he caused the same to be subdivided into three tracts, a five-acre tract on the east, a five-acre tract on the west, and a ten-acre tract in the middle. Plaintiffs now and for more than fifteen years have been the owners of the two end tracts, and the defendants are now the owners of the middle tract, both taking title from the common grantor. Plaintiffs are also owners of certain upland adjoining these tracts.

This action was initiated by plaintiffs to restrain the defendants from proceeding with certain improvements being made on the defendants' land. It seems that, in accordance with the most approved method of cultivating oysters, it is necessary to prepare and grade and build up the land to a uniform level, using generally beach sand, gravel and shell therefor, which apparently is the best material to harden the bed and level it up so that it may be diked and the water held on the beds at all stages of the tide.

The complaint of plaintiffs was that, by reason of the defendants doing this work, certain earthy materials and sediment drifted with the tide and currents of water and were deposited on the culch on plaintiffs' ground, preventing the catch of spat. The complaint alleged, and the lower court found, that this work was done during the months of June, July and August; that this was

during the spawning season, and that the catch of spat was thus prevented for the year.

Plaintiffs also complained that the material taken and used for the defendants' work was taken from plaintiffs' land; that a certain gridiron belonging to plaintiffs was damaged. On the other hand, it was claimed by the defendants that the plaintiffs, in filling and building up their land, had permitted and caused the deposit of sediment on the oyster land of the defendants. The boundary lines between the respective holdings were in dispute, the defendants claiming that the plaintiffs were holding, working and cultivating certain lands belonging to them.

The cause was thereafter tried by the court without a jury; judgment was rendered for the plaintiffs for $5,100. The items of damage allowed by the court were $5,000 for damage to plaintiffs' oyster land, and $100 for damage to the gridiron destroyed.

The testimony is voluminous, the trial occupying several days. The court found:

"That at the date of the purchase of the lands owned by plaintiffs the boundaries between the easterly tract of plaintiffs' lands and the east end of the land owned by defendants was marked in between by a dike constructed between the two tracts and the balance of the line was marked by a row of stakes; that ever since that time the line has been marked either by stakes or by extension of the dike wall on the same line as that marked at the time of purchase of said tract by plaintiffs, and that the same has been recognized as the line between the parties at all times until the commencement of this action; that plaintiffs have used, claimed and occupied all of the said easterly tract on their side of the dike and line of stakes ever since the date of their taking title to the same."

We have carefully read the statement of facts and think this finding of the trial court is fully justified by

the evidence. The testimony of plaintiffs' engineers was to the effect that the dikes in question were constructed on the true line.

The court found that the survey made by plaintiffs' engineer truly established the boundary of the oyster beds; that the dike between the oyster beds was a monument, a portion of which had existed on the ground not less than fourteen years. The evidence supports this finding of fact and is ample justification for the judgment of the lower court in fixing the boundaries of the tracts.

[1] That damages are recoverable in a case such as this and for injuries such as are complained of, is well settled in this state. Many cases are reviewed and the rule is firmly established in *Bartel v. Ridgefield Lumber Co.*, 131 Wash. 183, 229 Pac. 306, 37 A. L. R. 683.

In this case, both the plaintiffs and the defendants claimed damages, each against the other. Both proceeded to prove their damages on the theory of loss of profits and their figures substantially agree. The lower court rightfully held defendants' claim barred by the statute of limitations, and found that the plaintiffs' actual loss would be far in excess of the amount allowed, and limited their recovery to the amount prayed for in the complaint.

[2] The anticipated profits were proved with reasonable certainty based on past performance. The plaintiffs asked in the first instance for injunctive relief, which, on hearing, was denied, and the work proceeded and the damage was a continuing one. Prospective profits may be recovered in this state provided they can be proved with reasonable certainty. *Nelson v. Davenport*, 108 Wash. 259, 183 Pac. 132; *Bromley v. Heffernan Engine Works*, 108 Wash. 31, 182 Pac. 929.

[3] Complaint is made that the trial court unduly

limited cross-examination. The matter of cross-examination, particularly in a case tried to the court, rests largely in the discretion of the court. *Carroll v. Centralia Water Co.*, 5 Wash. 613, 32 Pac. 609, 33 Pac. 431.

On the cross appeal, we deem it sufficient to say that there is no testimony which would warrant the court in granting more than nominal damages for the injuries alleged.

Both sides having appealed, we have referred to the parties as plaintiffs and defendants throughout.

Neither will recover costs in this court.

Judgment affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.