## HOLMES *v.* J. W. WELLS LUMBER CO.

1. Forestry—Breach of Contract—Roadside Timber.

> In action for alleged breach of contract relative to cutting timber, burden is on plaintiff to show contract included roadside timber, that he was prevented from cutting such timber and number of feet of such timber, alleged to have been included in the contract, he was prevented from cutting.

2. Same—Roadside Timber—Questions for Jury.

> Whether or not the parties to contract relative to cutting timber had understanding as to substitution of other timber for roadside timber on lands specified and whether plaintiff was prevented from cutting such roadside timber *held,* questions for the jury.

3. Same—Roadside Timber—Estimates—Competent as Evidence.

> Differing estimates as to amount of uncut roadside timber, given by plaintiff and defendant's agent, both of whom were familiar with and understood what was meant by such timber *held,* competent in action for breach of contract as to cutting timber.

4. Same—Damages—Statutes—Survey Principles.

> Statute setting forth survey principles *held,* inapplicable in action for breach of contract to cut timber in determination of amount of roadside timber and damages plaintiff suffered in being prevented from cutting it (1 Comp. Laws 1929, § 1399).

5. Evidence—Roadside Timber—Estimates.

Estimate of plaintiff as to cost of lumbering of roadside timber *held*, admissible in his action for breach of contract by being prevented from cutting such timber where he had had years of experience in lumbering in that locality and was qualified to make such an estimate.

Appeal from Iron; Bell (Frank A.), J. Submitted October 22, 1935. (Docket No. 134, Calendar No. 37,626.) Decided January 6, 1936.

Action by Gust Holmes against the J. W. Wells Lumber Company, a Michigan corporation, for breach of a contract to cut timber. Verdict for plaintiff. Upon filing of remittitur, judgment was entered for plaintiff. Defendant appeals. Affirmed.

*M. S. & H. J. McDonough,* for plaintiff.

*Meredith P. Sawyer,* for defendant.

Edward M. Sharpe, J. During the month of August, 1927, the plaintiff and defendant company entered into a written contract whereby the plaintiff agreed to cut, haul, and deliver on railway cars, as directed by the defendant company and before June, 1930, all timber suitable for saw logs, pulp, ties, posts, and poles on certain specified lands at an agreed price of $14 per thousand feet. The contract also provided that such forest products were to be removed within a period of three years and on an average of 4,000,000 feet each year. The plaintiff began hauling logs in January, 1928, and completed the contract within the time specified, with the exception of certain roadside timber growing upon lands later sold to the county of Iron.

The plaintiff began suit for breach of contract and alleged that during the first and third year the con-

tract was in force, the defendant controlled the cutting of the timber; that by its orders, the plaintiff was obliged to and did cut 300,000 feet of timber which was not merchantable and for which no credit was given, resulting in damage to plaintiff of $5,000; that 500,000 feet of timber included in the contract, which was favorably located for profitable logging, was never cut and logged because of the order of the defendant company and plaintiff thereby lost profits of $2,500.

The cause came on for trial May 25, 1933, and resulted in a verdict for plaintiff in the sum of $3,526.60 for failure to pay for cull logs and the sum of $2,922.75 for loss of profits on operations because of sale of roadside timber, whereupon the defendant company made an application for a new trial and the same was denied on condition that the plaintiff file a remittitur consenting that the judgment be reduced to $2,922.77, which was accepted and filed September 28, 1933. From the order denying a new trial the defendant company appeals and contends that:

"1. There was no competent evidence to determine the amount of said timber so alleged to have been withdrawn from the contract;

"2. Because the evidence of the estimate of the timber so withdrawn given by the plaintiff and his witnesses was incompetent and without proper foundation from which the jury could properly determine the amount of such timber;

"3. Because the said plaintiff by acquiescence and by the practical construction of said contract by the parties and by the acceptance of the so-called Longyear timber in lieu thereof waived and is estopped from claiming any damage on account of the alleged withdrawal of said timber."

In the case at bar, the plaintiff, in order to recover, must prove a contract which includes the tim-

ber known as the roadside timber, located in sections 6 and 32 and on this point there seems to be no dispute. The burden is next on the plaintiff to prove a breach of the contract. This may be done by showing that he was prevented from removing the timber, or any part thereof, from the sections above mentioned. On this point the plaintiff claims that he was advised by an officer of defendant company not to remove that timber as it was to be sold to Iron county, while it is the claim of the defendant company that there was an understanding between the parties hereto that the plaintiff was to forego the cutting of this roadside timber and in return was given other timber to cut, known as the Longyear estate timber. This in our opinion presented a question of fact which was properly submitted to the jury, nor does the fact that the roadside timber property was sold to Iron county six months after plaintiff's contract expired control the issue involved here, for if the plaintiff was prevented from cutting this timber, it does not matter what the defendant company did with it at a later date.

The next proposition incumbent upon the plaintiff to prove is the number of feet of timber included in the plaintiff's contract which he was prevented from cutting because of the actions of defendant company, regardless of whether any part of it was later sold to Iron county. The plaintiff and one Johnson estimated the amount of timber left standing. Plaintiff had, under his contract, lumbered some 35,000 feet of this roadside timber, and was familiar with the location of the remaining timber. It must be borne in mind that this timber was in two strips on each side of a highway, and extended to a depth of 200 feet from the highway. He described in detail how he arrived at his estimates of the quantity of timber there. In this case, both the plaintiff and the de-

fendant company were familiar with and understood what the roadside timber was, and while the estimates of the amount of timber as given by the plaintiff and defendant company differed, we think that it was competent evidence for the jury to consider.

The next question is the amount of damages; and in connection with this phase of the question, the defendant company contends that the amount of damages cannot be fixed with any degree of certainty as there was no proof of the boundary lines and cites 1 Comp. Laws 1929, § 1399. This statute sets forth survey principles and in our opinion has nothing to do with laying a foundation for an estimate of the amount of timber left standing and certainly has nothing to do with possible damages suffered by the plaintiff.

It is also contended that the trial court was in error in permitting plaintiff to give evidence of estimate of the cost of cutting, logging and hauling the timber. In 22 C. J. p. 564, we find that "a witness qualified by observation may state the cost of doing certain work, reaching given results of a common nature, carrying on a business, or supporting a family, provided sufficient constituent facts are stated and the witness is shown to be capable of drawing a reasonable inference."

See, also, *Bogart* v. *Pitchless Lumber Co.*, 72 Wash. 417 (130 Pac. 490), and 22 C. J. p. 567.

In the case at bar, the plaintiff, through his years of experience in lumbering in this particular locality, was qualified to estimate the cost of lumbering the particular tract of timber in accordance with the terms and meaning of the contract; and his testimony as to the amount of timber and costs of lumbering the same were facts that were properly presented to the jury. We also think that the question

of whether or not the Longyear timber was mutually agreed upon as a substitute for the roadside timber was a disputed one and a proper one for a jury to pass upon. We are not inclined in this case to disturb the findings of the jury.

Judgment affirmed, with costs to plaintiff.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Potter, and Toy, JJ., concurred.