[No. 52-40483-3.   Division Three.   August 3, 1970.]

OLIVER DAVIS et al., *Respondents*, v. DAN BAFUS et al., *Appellants*.

*Hickman & Faris* and *Philip H. Faris,* for appellants.

*Robert W. Walker,* for respondents.

EVANS, C. J.—Defendants Dan and Elaine Bafus, husband and wife, sought to set aside a default judgment taken against them, and appeal from the trial court's refusal to do so.

The court reporter's notes of the trial were lost and this matter comes before the court on an agreed statement of facts in narrative form. Respondent did not file a brief nor request permission to make oral argument.

This lawsuit arose out of the sale of a Tennessee Walking Horse and the alleged failure of defendants to deliver a certificate of registration within the 3 days agreed upon. As a basis for setting aside the default judgment taken against them, defendants Bafus contend (1) any neglect on their part in allowing a default judgment to be entered was excusable; (2) the default judgment which was entered is void for the reason that the relief granted therein was substantially different from that prayed for in the complaint; and (3) the facts alleged in the complaint failed to state a claim upon which relief could be granted against defendants Bafus.

The claim of excusable neglect on the part of the defendants is based upon correspondence between the defendant Elaine Bafus and the attorney for plaintiffs after service of summons and complaint. This correspondence concluded with a letter from Mrs. Bafus to plaintiffs' attorney, which he did not answer. Mrs. Bafus contends this failure to answer her letter led her to believe that no further court action would be taken. Assuming, without deciding, that the neglect of defendants to enter an appearance in the case

was not excusable we, nevertheless, find that the trial court was in error in refusing to set aside the default judgment.

■ First, the relief granted did not conform to the prayer of the complaint. The relief prayed for was rescission of a contract, and damages. The judgment granted did not provide for rescission. Instead, it provided for damages in the amount of the purchase price of the mare, $100 for a breeding service, $20 per month for care and feeding, and $6 for veterinary's services. The judgment left the sale in its consummated status, with title to the horse remaining in plaintiffs. A default judgment granting relief which differs from the prayer of the complaint is a void judgment. As stated in *Sceva Steel Bldgs., Inc. v. Weitz,* 66 Wn.2d 260, 401 P.2d 980 (1965), citing with approval Restatement Judgments § 8(c):

> Even though the State has jurisdiction over the parties and even though the court is one with competency to render the judgment, a judgment by default is void if it was outside the cause of action stated in the complaint and if the defendant was not given a fair opportunity to defend against the claim on which the judgment was based.

Also, as stated in *State ex rel. Adams v. Superior Court,* 36 Wn.2d 868, 872, 220 P.2d 1081 (1950), referring to the holding in *Ermey v. Ermey,* 18 Wn.2d 544, 139 P.2d 1016 (1943):

> [A] defendant has a right to allow a default to be taken against him secure in the knowledge that the judgment or decree will not exceed the demand of the complaint. The principle upon which such a rule rests is that the court is without jurisdiction to grant relief beyond that which the allegations and prayer of the complaint may seek.

■ The judgment was void for a second reason. The complaint was against Jack and Jane Doe McMullen, owners of the mare which was sold, and also against Dan and Elaine Bafus, alleged to be the agents of the McMullens. The McMullens, who were the alleged principals, were not served with summons and complaint, and the judgment

was taken only against their alleged agents, Dan and Elaine Bafus. It is a well-established rule that a complaint against a known agent, acting within the scope of his authority for a disclosed principal, fails to state a claim upon which relief may be granted against the agent. *Davis v. Lee,* 52 Wash. 330, 100 P. 752 (1909); *Hillis Logging Co. v. Mescher,* 69 Wash. 454, 125 P. 768 (1912); *Di Luck v. Bradner Co.,* 111 Wash. 291, 190 P. 904 (1902); *Sharpe Sign Co. v. Parrish,* 33 Wn.2d 883, 207 P.2d 758 (1949).

Reversed and remanded with direction to the superior court to vacate the default judgment and permit defendants to answer.

GREEN and MUNSON, JJ., concur.